BRITISH EMPIRE TYPESETTING MACH. CO. v. SPELLISSY et al.

(Supreme Court, Appellate Division, First Department.   May 8, 1903.)

1. ATTORNEYS AT LAW— SUBSTITUTION — FIXING COMPENSATION— FORM OF ORDER.

On motion by plaintiff for substitution of attorneys, and to fix the compensation of the withdrawing attorney, the attorney submitted an affidavit stating that he had been retained by the managing director of plaintiff; that later he agreed with a person representing plaintiff to withdraw, and receive $1,000, 15 per cent. of damages recovered, and an equitable share of any costs awarded. *Held*, that a referee should be appointed to take proof as to the alleged agreement, and to ascertain the amount that the withdrawing attorney was entitled to under the agreement, if proved, and, if not proved, then the reasonable value thereof, and that the substitution should be made upon the filing of a stipulation by the substituted attorneys that the withdrawing attorney should be paid the amount fixed by the referee, and that such amount should be a lien upon the cause of action, the proceeds in their hands, and the judgment.

Appeal from Special Term, New York County.

Action by the British Empire Typesetting Machine Company against the Empire Typesetting Machine Company. From an order

appointing a referee to determine the compensation for services of Denis A. Spellissy as attorney for plaintiff, plaintiff and Spellissy appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Abraham Benedict, for plaintiff.

John Delahunty, for D. A. Spellissy.

INGRAHAM, J. The plaintiff applied for an order substituting Guggenheimer, Untermyer &. Marshall as attorneys for the plaintiff in this action, and fixing the amount to be paid to Denis A. Spellissy, the plaintiff's attorney, for his disbursements and services. The action was commenced in 1901 to recover the sum of $20,000 on a guaranty executed by the defendants, guarantying a certain contract made by the Empire Typesetting Machine Company. The plaintiff is a foreign corporation, organized under the laws of Great Britain, and having its office in the city of London. Since the commencement of the action it has gone into liquidation, and a liquidator has been appointed by the court having jurisdiction in England. This liquidator instructed Guggenheimer, Untermyer & Marshall to conduct the action for the plaintiff. Mr. Spellissy thereupon expressed a preference to retire from the action, but declined to consent to a substitution, except upon payment to him of $1,000, and to be secured an additional 15 per cent. of the recovery, including costs, basing this demand upon an arrangement with him by a Mr. Foster, who represented the liquidator, whereupon this motion was made on behalf of the plaintiff for a substitution, and asking that the amount to be paid to the plaintiff's attorney for his disbursements and services rendered in the action be ascertained. In opposition to this motion, Mr. Spellissy submitted an affidavit stating that he was retained by the managing director of the plaintiff to commence this action; that on the 22d day of December, 1902, a Mr. Foster called upon him in relation to his claim against the plaintiff for services as its attorney; that Mr. Foster agreed to pay Mr. Spellissy $1,000 in cash, and that he should receive 15 per cent. of the damages recovered, and also an equitable share of any costs that might be awarded in the action; that subsequently Foster telephoned that Mr. Samuel Untermyer had instructions to settle with Mr. Spellissy pursuant to his agreement. This affidavit being presented to the court, an order was made appointing a referee to take proof of the claim of Mr. Spellissy as to the contract between the plaintiff and him with respect to his compensation, and from this order both parties appeal.

The plaintiff insists that, Mr. Spellissy not having denied the statement that he has refused to proceed with the action, the plaintiff is entitled, as a matter of right, to a substitution. Mr. Spellissy insists that his agreement should be recognized, and that the order of substitution should be made, based upon his agreement with Foster. Undoubtedly, in the present situation, there should be a substitution, so that the claim could be properly prosecuted. The

only question is as to the terms upon which such substitution should be ordered. Assuming that Mr. Spellissy's affidavit be taken as true, in the absence of some evidence as to Foster's right to bind the plaintiff or the liquidator, the court should not impose upon the plaintiff the obligation to carry out that agreement. I think the order appealed from should be modified so as to substitute Guggenheimer, Untermyer & Marshall as attorneys for the plaintiff upon their filing a stipulation that the amount to be paid to Mr. Spellissy, when fixed, should be paid by the plaintiff, and should be a lien upon the cause of action sought to be enforced, and upon the proceeds thereof, or upon any amount which should come into the hands of the substituted attorneys in the enforcement of any judgment obtained in the action, or any settlement of the cause of action sued on; and the referee should be directed to take proof of all of the facts relating to the alleged agreement, and to ascertain and determine the amount that Mr. Spellissy is entitled to be paid for the services that he has rendered, and his disbursements in the action, under the agreement, if one be proved, or, if not, as the value of the services rendered. And the order, as thus modified, should be affirmed, without costs of this appeal. All concur.